**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1003-18T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

RONALD P. CHERRY,

      Defendant-Appellant.

_____

Submitted February 3, 2020 – Decided February 13, 2020

Before Judges Sabatino and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 09-04-0327.

Joseph E. Krakora, Public Defender, attorney for appellant (John Vincent Molitor, Designated Counsel, on the briefs).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Meredith L. Balo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ronald P. Cherry appeals the trial court's August 10, 2018 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

Defendant was charged in this Union County case with the armed robbery of an elderly man in Plainfield with two accomplices on August 25, 2008. After they broke into the residence, the perpetrators attacked the victim, stabbed him, beat him in the head with a hammer, torched his genitals and chest, and then left the house with his credit cards and cash. A latex glove with defendant's DNA was found in one of the rooms of the victim's house. Two days later, on August 27, 2008, defendant allegedly took part in the burglary of a house in Scotch Plains. Video surveillance showed defendant and his accomplices making purchases with credit cards they had stolen from the victims.

On his trial date in March 2011, defendant pled guilty to first-degree armed robbery concerning the Plainfield incident. In exchange, the State recommended an eighteen-year sentence and dismissal of the charges relating to the Scotch Plains incident. Defendant then moved to withdraw his guilty plea alleging, among other things, ineffective assistance of counsel. The court conducted a multi-day motion hearing in May and June 2012. The motion was denied. Defendant was then sentenced in accordance with the plea agreement

to an eighteen-year custodial term, subject to the parole ineligibility period under the No Early Release Act, N.J.SA. 2C:43-7.2.

Defendant appealed from the denial of his motion to withdraw his guilty plea. In a December 29, 2014 unpublished opinion, we affirmed defendant's conviction and sentence. State v. Cherry, No. A-0979-12 (App. Div. Dec. 29, 2014) (slip op. at 1). The Supreme Court dismissed defendant's petition for certification for lack of prosecution.

Defendant then filed the present PCR petition, again contending his former counsel was ineffective. Among other things, defendant principally claimed his counsel was ineffective in failing to secure, as part of the plea agreement in this Union County case, the dismissal of other charges that had been pending against him in Middlesex County. He contends his attorney assured him the Middlesex charges would be dismissed as part of the deal. Defendant also claimed his attorney misadvised him that he faced a possible life sentence if he rejected the plea offer and was found guilty at trial. In addition, defendant argued his attorney was ineffective in failing to retain a DNA expert who, hypothetically, might have refuted the State's DNA evidence.

Upon considering defendant's claims and oral argument, the PCR judge rejected defendant's petition. The judge found no prima facie showing had been made to justify an evidentiary hearing. The judge issued a detailed written decision on August 10, 2018, explaining his determination.

The judge recognized the plea form for the Union County indictment did happen to include a handwritten reference to the Middlesex charges. However, the Middlesex charges were not mentioned during defendant's sworn plea colloquy, in which the terms of the agreement were placed on the record. Nor was the plea form co-signed by a prosecutor from Middlesex County. The judge noted that the sentencing court reaffirmed with defendant that the Middlesex indictments would not be included in the plea agreement. Defendant did not respond to or question the sentencing court's statements in this regard. Having considered the record, the PCR judge found no merit to defendant's claim that he was misled by an alleged assurance that the Middlesex charges were being dismissed.

The PCR judge also found without merit defendant's argument that his counsel improperly told him that he faced life in prison if convicted at trial. The judge noted the plea transcript and the court's plea withdrawal decision contradict defendant's claim. The judge found defendant was aware of his

sentencing exposure, including an extended term the State would have requested under N.J.S.A. 2C:44-3(a) if he lost at trial.

As to the alleged failure of defense counsel to review the DNA evidence until a few days before trial, the judge found there was nothing in the record to support defendant's claim that he was forced into taking the plea agreement because of that. The judge noted the transcript showed that defendant stated multiple times during his plea colloquy that he wanted to plead guilty. He testified he was pleading guilty voluntarily.

Moreover, defendant was aware of the State's inculpatory DNA evidence when entering his guilty plea. During the withdrawal motion hearing, defense counsel testified that his planned strategy if the case had gone to trial was to cross-examine the State's expert regarding the handling of the DNA evidence. Further, the State's case was not based solely on the DNA evidence. In any event, defendant has not come forward with an affidavit or expert report opining that the DNA evidence was unreliable.

On appeal, defendant raises the following arguments:

> POINT I
>
> THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY THE DEFENDANT'S PETITION FOR

POSTCONVICTION RELIEF WITHOUT
CONDUCTING AN EVIDENTIARY HEARING

POINT II

THE DEFENDANT'S PLEA COUNSEL WAS
INEFFECTIVE FOR FAILING TO PREPARE TO
CONTEST THE STATE'S DNA EVIDENCE

We have considered these points in light of the well-settled two-prong constitutional test set forth in Strickland v. Washington, 466 U.S. 668 (1984) (requiring a demonstration of both (1) counsel's deficient performance; and (2) actual prejudice resulting from that proven deficiency). Having done so, we affirm the denial of defendant's PCR petition, substantially for the sound reasons set forth in Judge William A. Daniel's written decision. Viewing the record objectively, we are satisfied defendant has not made a prima facie showing under the two prongs of Strickland. His claims are either belied by the record or speculative. Because no prima facie showing of prejudicial ineffectiveness was advanced, the PCR judge was not obligated to conduct an evidentiary hearing. State v. Preciose, 129 N.J. 451 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1003-18T4